McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00029-JAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MITCHELL VANBEEK, CHRISTINA VANBEEK, CHRISTOPHER PAN, | DATE: April 7, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |
| Defendants. | |

By previous Order, this case was set for a status hearing on April 7, 2020. On March 16, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 7, 2020. ECF 45. By minute order, the Court reset the status hearing to June 16, 2020, in light of General Order 611 and 612. ECF

46.

2. By this stipulation, defendants now move to superseded the minute order and continue the status conference until June 16, 2020, and to exclude time between April 7, 2020, and June 16, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has to date produced discovery including over 100,000 pages of materials, as well as several video files. The government and defense counsel continue to meet and confer regarding the charges.

b) Counsel for defendants each desire additional time to review and analyze this voluminous discovery, research legal and factual aspects of the charges, and confer with their clients. Additionally, communications with the government have raised additional items to research and analyze, and about which to confer with their respective clients.

c) Counsel for defendants believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed. Additionally, defense counsel will need additional time to confer with their clients given public health constraints on such contacts.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 7, 2020 to June 16, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 20, 2020      McGREGOR W. SCOTT
United States Attorney

/s/ Amy Schuller Hitchcock
Amy Schuller Hitchcock
Assistant United States Attorney

Dated: March 20, 2020

By: /s/ Mia Crager
Mia Crager
Counsel for Defendant
CHRISTINA VANBEEK

Dated: March 20, 2020

By: /s/ Kyle Knapp
Kyle Knapp
Counsel for Defendant
MITCHELL VANBEEK

Dated: March 20, 2020

By: /s/ Alex R. Kessel
Alex R. Kessel
Counsel for Defendant
CHRISTOPHER PAN

//

//

//

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 20th day of March, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE