McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00029-JAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MITCHELL VANBEEK, CHRISTINA VANBEEK, CHRISTOPHER PAN, | DATE: June 16, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |
| Defendants. | |

This case is set for status on June 16, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on June 16, 2020. ECF 45.

2. By this stipulation, defendants now move to continue the status conference until October 20, 2020 at 9:15 a.m., and to exclude time between June 16, 2020, and October 20, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced voluminous discovery in this matter, including over 100,000 pages of materials, as well as several video files. This discovery includes reports, photographs, bank records, emails, Excel spreadsheets, and other materials that take significant time to review and analyze. Much of this discovery is governed by a protective order, which also affects the speed at which it can be review and analyzed. Additionally, the government and defense counsel continue to meet and confer regarding the content of this discovery, the charges, potential resolution, and other matters pertinent to trial preparation.

    b) Counsel for defendants each desire additional time to review and analyze this voluminous discovery, research legal and factual aspects of the charges, and confer with their clients. Additionally, communications with the government have raised additional items to research and analyze, and about which to confer with their respective clients.

    c) Counsel for defendants believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

e) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defendant counsel's ability to review discovery and confer with their clients has been affected by recent public health safety measures requiring social distancing. Additionally, defense counsel's ability to conduct the necessary investigation and research needed for defense preparation has been affected by the public health safety measures and entity closures instituted in response to the COVID-19 pandemic.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 16, 2020 to October 20, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//
//
//

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

IT IS SO STIPULATED.

Dated: June 9, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ Amy Schuller Hitchcock
Amy Schuller Hitchcock
Assistant United States Attorney

Dated: June 9, 2020

By: /s/ Mia Crager
Mia Crager
Counsel for Defendant
CHRISTINA VANBEEK

Dated: June 9, 2020

By: /s/ Kyle Knapp
Kyle Knapp
Counsel for Defendant
MITCHELL VANBEEK

Dated: June 9, 2020

By: /s/ Alex R. Kessel
Alex R. Kessel
Counsel for Defendant
CHRISTOPHER PAN

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 9th day of June, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE